# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50116 | **DATE** | 11/20/2002 |
| **CASE TITLE** | WHELAN vs. COMMONWEALTH EDISON, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Local Union 15's motion to dismiss Count III of Whelan's amended complaint is granted. Count III is hereby dismissed. As this is the only count against Local Union 15, it is dismissed as a defendant.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | NOV 2 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 NOV 20 PM 3:43 | 11-20-02 date mailed notice | |
| /SEC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Thomas I. Whelan filed a three-count amended complaint against defendants Commonwealth Edison Company ("ComEd") and Local Union 15 of the International Brotherhood of Electrical Workers ("Local Union 15"). Whelan alleges claims against ComEd for declaratory judgment (Count I) and breach of contract (Count II), and a claim against Local Union 15 for breach of its duty of fair representation (Count III). Whelan filed this complaint in state court on February, 27, 2002 but, because the complaint alleged various federal claims, defendants removed the case to this court under 28 U.S.C. § 1441 on the basis of federal question jurisdiction. See 28 U.S.C. § 1331. Local Union 15 has moved to dismiss Count III of Whelan's complaint, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Jurisdiction is proper under 28 U.S.C. § 1331 and 29 U.S.C. § 185.

The court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957). Local Union 15 has moved to dismiss Count III because Whelan has not filed the complaint within the applicable statute of limitations. Whelan's complaint alleges that Local Union 15 breached its duty of fair representation by failing to represent him in the grievance of his termination from ComEd in a fair and nondiscriminatory manner, which the parties agree is a Section 301 hybrid claim under 29 U.S.C. § 185. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 154 (1983). The statute of limitations for a Section 301 hybrid claim is six months. Id.; Pantoja v. Holland Motor Express, Inc., 965 F.2d 323, 326 (7th Cir. 1992). A Section 301 cause of action accrues "from the time a final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance." Richards v. Local 134, 790 F.2d 633, 636 (7th Cir. 1986).

Whelan argues that the statute of limitations did not accrue until August 27, 2001 at the earliest because he reasonably believed that Local Union 15 was pursing his grievance, or in the alternative that Local Union 15 misled him concerning the grievance procedure. A final decision on a grievance is reached when a union fails or refuses to file the grievance within the specified time under the collective bargaining agreement. Metz v. Tootsie Roll Indus., Inc., 715 F.2d 299, 303 (7th Cir. 1983), cert. denied, 464 U.S. 1070 (1984). In the instant case, the collective bargaining agreement cannot be relied upon to calculate the date the statute of limitations commenced because Whelan's complaint alleges that Local Union 15 misled him concerning the grievance procedure.[1] Specifically, Whelan alleges that on November 8, 1999, the same day he was terminated, Local Union 15 told him they would "take care of" the grievance procedure for him. Whelan's allegations are further buttressed by the allegation that Dean Apple, a Local Union 15 business agent, requested personnel files from Whelan. Assuming the truth of the allegations, the court rejects Local Union 15's theory that Whelan should have known by December 5, 1998 that a final decision was made on his grievance merely because Local Union 15 failed to file a grievance within 30 days of Whelan's termination, as required by the collective bargaining agreement. Other facts alleged by Whelan, however, show he was aware the grievance process started shortly after he was terminated and that Count III is, therefore, untimely.

Initially, Whelan alleges that Apple informed him on November 8, 1999, the same day he was terminated, that the Union would grieve his termination, that he need not sign any documents to begin the grievance process, and Apple would "take care of it." (Am. Comp. ¶¶ 36-38) Whelan did not contact Local Union 15 again until two or three months after his termination "to inquire about the status of the grievance." (Id. ¶ 39) Thus, although Whelan does not specifically allege that he thought the grievance process started on November 8, 1999, this is the only reasonable inference that can be drawn from the facts alleged. To the extent Whelan claims in his response brief that the grievance process did not start until after he obtained the requested personnel documents two to three months after his termination (Pl. Resp. p. 5), this contradicts the clear implications of Whelan's own allegations in his amended complaint, as just discussed. Whelan also alleges that he believed the grievance process would be ongoing for at least 18 months. (Am. Compl. ¶ 49)

Taking these allegations as true, the court finds that Whelan had from November 8, 1999 until May 8, 2001 in which he may have assumed that grievance process was ongoing. At the least, Whelan sat idle for nine months after he should have discovered the inactivity by Local Union 15 (May 8, 2001 to February 27, 2002). Metz, 715 F.2d at 303. After May 8, Whelan could not have reasonably believed that the grievance procedure was ongoing because of the inaction on the part of Local Union 15. See Pantoja, 965 F.2d at 3274; Chapple, 178 F.3d at 506. Thus, given the accrual date of May 8, 2001, the court finds that Count III of Whelan's amended complaint is barred by the statute of limitations.

Whelan seems to argue that the statute of limitations should not bar his suit under the theories of equitable tolling or equitable estoppel. Equitable tolling is available only when the plaintiff, despite due diligence, was unable to obtain vital information bearing on the existence of his claim; it "requires a showing that the *plaintiff exercised continuous diligence* and brought the suit as soon as it was practicable." Chapple v. National Starch and Chem. Co., 178 F.3d 501, 506 (7th Cir. 1999) (emphasis added). Because Whelan does not allege any facts that he was unable to learn of his § 301 claim within six months from May 8, 2001, the court finds equitable tolling is unavailable.

Equitable estoppel requires a plaintiff to show wrongdoing on the part of the defendant that is distinct from that which forms the basis of plaintiff's complaint, for instance, defendant concealing vital information about the existence of plaintiff's claim. Id. In this regard, Whelan alleges Local Union 15 misled him into believing that certain personnel documents were necessary for the grievance to proceed and then further misled him about the status of the grievance by not returning repeated phone calls Whelan made after he had mailed the requested documents. However, as stated above, the court has already concluded Whelan knew the grievance process started on November 8, 1999. Thus, whether Local Union 15 may have misled Whelan *after* the grievance process had supposedly started is, in the court's opinion, irrelevant in determining whether the union should be equitably estopped from enforcing the statute of limitations. As discussed above, Whelan knew the grievance process started on November 8, 1999, he therefore knew it should have ended by May 8, 2001, and there is once again no allegation that Local Union 15 misled him or withheld vital information from him after May 8, 2001. Therefore, equitable estoppel is not available.

For the foregoing reasons, Local Union 15's motion to dismiss Count III is granted.

---

[1] Because Whelan referred to and attached the collective bargaining agreement to his amended complaint, the court may consider it as part of the pleadings on Local Union 15's motion to dismiss. See Fed. R. Civ. P. 10(c).